IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

COREI ANN APPLEGARTH,　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　-vs-　　　　　　　　　　　　　　　　)　　　Civil Action No. 15-1401
　　　　　　　　　　　　　　　　　　　)
CAROLYN W. COLVIN,　　　　　　　　)
COMMISSIONER OF SOCIAL SECURITY,　)
　　　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　　　)

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Corei Ann Applegarth ("Applegarth") appeals an ALJ's denial of her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"). *See* 42 U.S.C. § 401-434. Applegarth applied for DIB benefits in November of 2012, alleging a disability beginning on March 1, 2009. (R. 170-171) She alleges a number of impairments, including, degenerative disc disease, anxiety, depression and headaches. (R. 14) Following a hearing and consultation with a vocational expert, the ALJ denied her claim, concluding that she retained the residual functional capacity ("RFC") to perform sedentary work with certain restrictions (R. 16-21) Applegarth appealed. Pending are Cross Motions for Summary Judgment. *See ECF Docket Nos.* [12] and [18]. After careful consideration and for the reasons set forth below, this case is affirmed.

### Legal Analysis

　1.　Standard of Review

1

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has

lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); *Brewster v. Heckler*, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P, apps. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520. the claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record, may affirm, modify or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

2. <u>The Treating Physician's Doctrine</u>

In a three paragraph analysis, Applegarth urges that the ALJ violated the "treating physician doctrine" by "ignoring" the opinion rendered by Dr. LoDico (her treating pain doctor) and two Independent Medical Examiners ("IME"). The amount of

3

weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to that of a non-examining source. 20 C.F.R. § 416.927(c)(1). Additionally, the ALJ typically will give more weight to opinions from treating physicians, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from the reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* If a treating physician's opinion is not given controlling weight, the ALJ must consider all relevant factors that tend to support or contradict any medical opinions of record, including the patient / physician relationship; the supportability of the opinion; the consistency of the opinion with the record as a whole; and the specialization of the provider at issue. 20 C.F.R. § 416.927(c)(1)-(6). "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." 20 C.F.R. § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where … the opinion of a treating

4

> physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(c)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r. of Social Sec.*, 403 Fed. Appx. 679, 686 (3d Cir. 2010).

The ultimate issue of whether an individual is disabled within the meaning of the Act is for the Commissioner to decide. Thus, the ALJ is not required to afford special weight to a statement by a medical source that a claimant is "disabled" or "unable to work." *See* 20 C.F.R. § 416.927(d)(1), (3); *Dixon v. Comm'r. of Soc. Sec.*, 183 Fed. Appx. 248, 251-52 (3d Cir. 2006) (stating, "[o]pinions on disability are not medical opinions and are not given any special significance."). Although the ALJ may choose who to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r. of Soc. Sec.*, 577 F.3d 500, 505 (3d Cir. 2009). The ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r. of Soc. Sec.*, 529 F.3d 198, 203-4 (3d Cir. 2008). "It is not for this Court to reweigh the medical opinions in the record but rather to determine if there is substantial evidence to support the ALJ's weighing of those opinions." *Lilly v. Colvin*, Civ. No. 13-1561, 2016 WL 1166334 (D. Del. March 23, 2016), *citing, Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986).

Against this backdrop, I find that the ALJ gave appropriate weight to the opinion rendered by Dr. LoDico as well as other physicians, and that substantial evidence supports his decision to do so. Certainly the record belies any contention that the ALJ "ignored" Dr. LoDico's opinion. The ALJ explained that he found Dr. LoDico's opinion unpersuasive because: (1) Dr. LoDico's clinical findings were not consistent with statements regarding chronic low back and right leg pain; (2) longitudinally, Applegarth was found to "be in no acute distress and sat 'comfortably' with no overt pain behavior during examinations"; (3) Applegarth was able to heel and toe walk as well as squat without difficulty during a November 2011 examination; (4) Applegarth did not require emergency intervention secondary to intermittent falls and examinations conducted commensurate with such falls revealed a "nonantalgic gait with 5/5 strength and intact reflexes in the bilateral lower extremities"; (5) Applegarth was able to comply with a recommended home exercise program which included walking two miles per day with no reports of falling; (6) Dr. LoDico "consistently reported that the spinal cord stimulator, epidural injections, and prescribed medications" helped with Applegarth's sleep and pain; (7) beginning in April of 2012, Dr. LoDico began to taper Applegarth's pain medication and Applegarth experienced no appreciable increase in pain or withdrawal; and (8) in July of 2013, Dr. LoDico noted that Applegarth's pain was "well controlled" and that she denied any new pain or weakness. (R. 17-18) Similarly, the ALJ explained that he accorded Dr. Liefeld's[1] opinion "little weight" because Dr. Liefield declared Applegarth "permanently disabled" in June of 2006, "which was prior to the claimant's

---

[1] Dr. Liefield conducted an independent medical evaluation. (R. 291-97) The ALJ erroneously characterized Dr. Liefield, and Dr. Liss, as "examining physicians." (R. 19) I find the mischaracterization to be harmless. The ALJ adequately explained the reason for rejecting Dr. Liefield's opinion and the ALJ's decision is supported by substantial evidence.

6

return to work for approximately three years." (R. 19) Consequently, the ALJ found Dr. Liefeld's opinion to be inconsistent both with Applegarth's functional capacity and with her ability to perform work activity. (R. 19) With respect to Dr. Liss, the ALJ explained that Dr. Liss reported the spine as "structurally sound" and found no physical factors other than Applegarth's subjective complaints of pain which would have precluded her from returning to her former work. (R. 18) Simply stated, the ALJ has adequately set forth his basis for the weight he gave the physicians' reports and his decision in this regard is supported by substantial evidence.[2]

       3. Hypothetical Question

Applegarth also urges that the ALJ ignored the testimony of the vocational expert in response to one of the hypothetical questions. However the ALJ is not required to accept certain responses to hypothetical questions posed to the VE, "but only that question which accurately reflects a plaintiff's impairments." *Vipond v. Astrue*, Civ. No. 11-292, 2013 WL 43514 at *3 (W.D. Pa. Jan. 3, 2013), *citing, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987); *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1986). As stated above, I find that the ALJ's conclusion regarding Applegarth's impairments is supported by substantial evidence. As such, the hypothetical posed to the VE is accurate and I reject Appelgarth's challenge in this regard.

---

[2] Applegarth references the ALJ's alleged "insufficient" discussion / explanation of his decision to accord weight to Dr. Marion's opinion. However, I note that Dr. Marion rendered a psychological disability evaluation. (R. 939-45) Applegarth's brief does not explain how the ALJ's findings regarding her psychological state or limitations are without substantial support in the record. As such, there is no need to address any contentions regarding the ALJ's treatment of Dr. Marion's opinion.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREI ANN APPLEGARTH, | ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | Civil Action No. 15-1401 |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge.

# **ORDER OF COURT**

Therefore, this 14th day of October, 2016, it is hereby ORDERED that the decision of the ALJ is affirmed and that Plaintiff's Motion for Summary Judgment (Docket No. 12) is denied and Defendant's Motion for Summary Judgment (Docket No. 18) is granted.

                                                                              BY THE COURT:

                                                                              <u>/s/ Donetta W. Ambrose</u>
                                                                              Donetta W. Ambrose
                                                                              United States Senior District Judge